UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GUTIERREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAIN, et al.,<br><br>　　　　Defendants. | Case No.: 1:24-cv-001229-SKO<br><br>**ORDER DIRECTING CLERK OF THE COURT TO UPDATE PLAINTIFF'S ADDRESS**<br><br>**ORDER REMINDING PLAINTIFF REGARDING HIS OBLIGATION TO OBEY THIS COURT'S ORDERS AND LOCAL RULES** |

Plaintiff Miguel Gutierrez is appearing pro se and *in forma pauperis* in this civil rights action.

**I.    BACKGROUND**

Plaintiff filed his original complaint and an application to proceed *in forma pauperis* (IFP) on October 10, 2024. (Docs. 1 & 2.) The Court issued its First Informational Order in Prisoner/Civil Detainee Civil Rights Case that same day. (*See* Doc. 3.)

On October 11, 2024, previously assigned Magistrate Judge Gary S. Austin issued his order granting Plaintiff's IFP application. (Doc. 6.)

On December 2, 2024, Plaintiff filed a document titled "Declaration of Gutierrez Miguel" (Doc. 7)[1] and on January 3, 2025, Plaintiff filed a first amended complaint (Doc. 8).

---

[1] Plaintiff's filing indicates he had "been transferred from California State Prison Corcoran to a new

On October 6, 2025, this action was reassigned from Judge Austin to the undersigned for all further proceedings. (Doc. 9.) The order was served on Plaintiff that same date to his address on record with the Court.  On October 21, 2025, the United States Postal Service (USPS) returned the reassignment order marked "Undeliverable," "Return to Sender," "Not Deliverable as Addressed," and "Unable to Forward."[2]

## II.    DISCUSSION

Following the return of the Court's October 6, 2025, order by the USPS, the undersigned has conducted a review of the docket for this action and consulted the California Department of Corrections and Rehabilitation's inmate locator tool. Although the docket for this action presently indicates Plaintiff is incarcerated at the California State Prison, Corcoran in Corcoran, California, the California Incarcerated Records and Information Search (CIRIS) tool reveals that, as of today's date, Plaintiff is incarcerated at the California Correctional Institution (CCI) in Tehachapi, California.[3] Therefore, the Court will direct the Clerk of the Court to update Plaintiff's address and to re-serve the October 6, 2025, order to Plaintiff at CCI.

Plaintiff is reminded of his obligation to keep the Court apprised of his current address. *See* Local Rules 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address … shall be fully effective") & 183(b) ("A party appearing in pro propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in pro propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute"); *see also* Doc. 3 at 1 ("In litigating this action, the parties must comply with this

---

housing location at Pelican Bay State Prison, B7-#120 P.O. Box 7500, Crescent City, CA 95532." (Doc. 1 at 1:15-17.) Nevertheless, it appears neither the Clerk's Office nor Judge Austin took notice of the change of address.

[2] The associated docket entry also references "CCI P.O. Box 1031, Tehachapi, CA 93581," although there is no indication the Clerk of the Court re-served the order to that address noted on the returned envelope.

[3] https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=AN2768, last accessed December 2, 2025.

Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local Rules of the United States District Court, Eastern District of California ('Local Rules'), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)") & 5 ("VIII. Current Address Required").[4]

Although the Court consulted the CIRIS tool on this occasion and will direct the Clerk of the Court to update Plaintiff's address, the Court is *not* obligated to do so. It is Plaintiff's responsibility to keep the Court apprised of his current address throughout the course of the litigation. **Plaintiff is warned that in the event he fails to keep the Court apprised of any change in address moving forward, the undersigned will recommend this action be dismissed for a failure to obey court orders and this Court's Local Rules, and for a failure to prosecute**. Further, Plaintiff is encouraged to use the Notice of Change of Address form previously provided by the Court for this purpose.

Plaintiff's first amended complaint has not yet been screened[5] and will be screened in due course.

### III.     CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to take the following actions:

1. To update Plaintiff's address of record to reflect his current incarceration at CCI; and
2. To re-serve the Order issued October 6, 2025 (Doc. 9) to Plaintiff's new address.

IT IS SO ORDERED.

Dated:     **December 2, 2025**                    /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[4] A Notice of Change of Address form was included for Plaintiff's use. (*See* Doc. 3 at 7.)

[5] The Court is required to screen prisoner civil rights complaints. *See* 28 U.S.C. 1915A(a).